**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

LENE NABATEESA MATOVU,

Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION SERVICE; JOHN ASHCROFT, Attorney General,

Respondents.

No. 02-1495

---

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A76-919-392)

Submitted: November 7, 2002

Decided: January 6, 2003

Before MICHAEL, MOTZ, and KING, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

### COUNSEL

Bokwe G. Mofor, IMMIGRATION ASSISTANCE CENTER, INC., Silver Spring, Maryland, for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, John C. Cunningham, Senior Litigation Counsel, John S. Hogan, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Lene N. Matovu, a native and citizen of Uganda, petitions for review of an order of the Board of Immigration Appeals (Board) denying her application for asylum and withholding of deportation. The Board, adopting the opinion of the immigration judge (IJ), concluded that Matovu failed to present credible evidence to show a well-founded fear of persecution on account of a protected ground that would make her eligible for asylum relief. *See* 8 U.S.C. § 1158 (2000); 8 U.S.C. § 1101(a)(42)(A) (2000).

The Board's decision to grant or deny asylum relief is conclusive unless manifestly contrary to the law and an abuse of discretion. 8 U.S.C. § 1252(b)(4)(D) (2000). Credibility findings are reviewed for substantial evidence. We accord great weight to credibility determinations by the IJ and the Board if they are supported by specific, cogent reasons. *Figeroa v. INS*, 886 F.2d 76, 78 (4th Cir. 1989). We will reverse the Board only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" *Rusu v. INS*, 296 F.3d 316, 325 n.14 (4th Cir. 2002), quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).

Here, the IJ articulated a number of points on which he questioned Matovu's credibility. We find these to be specifically and cogently stated. As the evidence in this case does not compel a finding of fear of persecution, we uphold the decision of the IJ as adopted by the Board.

The standard for receiving withholding of deportation is "more stringent than that for asylum eligibility." *Chen v. INS*, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). As Matovu has failed to establish refugee status, she cannot satisfy the higher standard for withholding of deportation.

We deny Matovu's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

*PETITION DENIED*